EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JULIÁN CRUZ MARTÍNEZ c/p JULIO TORRES, acusado y apelante.

Número: CR-65-75     Resuelto: 13 de octubre de 1965

*Nicanor Vázquez Torres,* abogado del apelante; *Rodolfo Cruz Contreras, Procurador General Interino,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El apelante fue convicto de tener en su casa tres galones y una caneca de ron clandestino, en violación de la Ley de Espíritus y Bebidas Alcohólicas, 13 L.P.R.A. sec. 1754. Fue sentenciado a pagar $100.00 ó en su defecto a cumplir 90 días de cárcel.

Señala tres errores. Los discutiremos en el mismo orden que los señala. Su primer señalamiento es el siguiente: "Erró el Tribunal Sentenciador al declarar sin lugar la Moción Sobre Supresión de Evidencia presentada por el acusado-apelante."

La orden de allanamiento tiene un error de copia y el apelante cree que eso la hace nula. No estamos de acuerdo. Veamos.

El apelante reside, o residía al tiempo de los hechos, en el barrio Tejas del municipio de Las Piedras. La declaración jurada de Roberto López Torres, que dio base para la expedición de la orden de allanamiento, se refiere, correctamente, al barrio Tejas de Las Piedras. La propia orden de allanamiento expresa, también correctamente, que "Habiéndose en este día presentado prueba, por medio de declaración jurada firmada por Roberto López Torres acreditativa de que John Doe c/p Julio Torres residente en BO. TEJAS, LAS PIEDRAS, PUERTO RICO en una casa que se describe como sigue:" (Aquí se hace una descripción pormenorizada de la casa en cuestión.) (Las mayúsculas aparecen en el original.)

Es al hacerse, más adelante en el formulario de la orden de allanamiento, un resumen o síntesis de la declaración jurada de Roberto López Torres, que se incurre en el error de escribir Barrio Tejas, Yabucoa. Sin embargo, surge claro de la orden, como vimos antes, que la misma es para allanar la casa descrita en ella y que ésta está sita en el barrio Tejas

de Las Piedras. Los agentes de rentas internas no tenían discreción alguna sobre cuál era la casa que iban a allanar. Sólo podían allanar la casa específicamente descrita en la orden de allanamiento y la cual está sita en el barrio Tejas de Las Piedras. Si la orden de allanamiento hubiese conferido discreción a los agentes de rentas internas para allanar una de dos o de varias casas, sin que éstas estuviesen todas descritas en la orden de allanamiento, dicha discreción hubiese viciado de nulidad la orden. Por el contrario, la ausencia de esa discreción en la orden de este caso hace que la misma sea válida.

El error en el resumen de la declaración jurada no afectó la autoridad que confirió la orden de allanamiento, ya que tanto la orden como la declaración jurada designan correctamente el lugar donde está la casa a ser allanada. El documento que da base para expedir la orden de allanamiento es la declaración jurada y no el resumen que de ella se hace luego. Un error en el resumen no hace incorrecta ni la declaración ni la orden. Obrando en autos, como obra, el original de la declaración jurada de Roberto López Torres, ningún otro escrito es mejor evidencia de su contenido. 32 L.P.R.A. sec. 1667.

La acusación, documento que sigue en orden cronológico a la declaración jurada y a la orden de allanamiento, también expresa que el delito se cometió en "la municipalidad de Las Piedras."

En nada perjudicó al acusado el error de copia antes mencionado.

El segundo error señalado ataca la suficiencia de la prueba. Carece de mérito. La prueba demuestra que los agentes de rentas internas, señores Carlos Ortiz Vega y José A. Cordero, los cuales declararon en el juicio, ocuparon en la casa del apelante y en presencia de éste tres envases de a galón cada uno que contenían ron clandestino. La propia de-

fensa estipuló oralmente durante el juicio que dichos galones y la caneca contenían ron clandestino. (T.E. págs. 3, 4 y 8.)

Véanse, por ejemplo, los siguientes fragmentos del récord. Declara el agente de rentas internas Carlos Ortiz Vega:

TESTIGO: "El compañero ocupó 3 galones de ron clandestino, el cual está aquí en evidencia hoy."

FISCAL: "Con el permiso del Hon. Tribunal, quiere verlo?"

DEFENSA: "Nosotros estipulamos con el Ministerio Fiscal que lo que contiene es ron clandestino." (T. E. pág. 3.)

. . . . . . . .

Declara el agente de rentas internas José Antonio Cordero:

TESTIGO: "Para esa fecha, mediante orden de allanamiento procedimos a registrar la casa del señor, donde se ocuparon 3 envases de cristal . . ."

FISCAL: "¿Y dónde vive el hombre?

TESTIGO: "En el barrio Tejas de Las Piedras."

FISCAL: "Continúe, por favor."

TESTIGO: "Tres envases de cristal de ron clandestino sin que dichos envases tuviesen adheridos sellos de rentas internas."

FISCAL: "Mostrando al testigo las identificaciones 1, 2, 3 y 4 del Pueblo, reconoce Ud. esa evidencia? ¿Eso dónde estaba? ¿Eso lo estipula?"

DEFENSA: "Hacemos la estipulación anterior."

TESTIGO: "Sí, señor, esa es la evidencia que se ocupó."

LA CORTE: "Sí."

FISCAL: "¿Dónde se ocupó?"

TESTIGO: "En una alacena en el cuarto de la casa."

FISCAL: "¿En la residencia de quién?"

TESTIGO: "Del señor Julio Cruz Martínez, conocido por Julio Torres." (T.E. págs. 7–8.)

La posición del acusado, Julián Cruz Martínez, conocido por Julio Torres, fue que en su casa no ocuparon ron alguno, que él no vio allí a ningún agente de rentas internas; que a él no lo arrestaron; que a él no lo llevaron ante el Juez de Paz de Las Piedras ni a ningún otro sitio; que no le fijaron

fianza de $500.00; que se llama Julián Torres y que se llama Julián Cruz Martínez también.

Aparentemente el acusado trató de crear duda sobre su identidad a los fines de salir absuelto. La prueba de cargo fue considerablemente más robusta y verosímil que la del acusado y el conflicto en la misma fue dirimido por el magistrado sentenciador. Nada hay en el récord que justifique que variemos esa apreciación.

El tercer error tampoco es válido. Le imputa al juez sentenciador intervenciones impropias en el procedimiento. Hemos leído la transcripción de evidencia y estamos satisfechos de que no hay mérito en este señalamiento. El récord demuestra que todo el proceso se llevó a cabo con una encomiable circunspección por todas las partes.

*Se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de Humacao, en 30 de noviembre de 1964.*